UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SARAH B., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C23-6164-BAT <br><br> **ORDER AFFIRMING AND DISMISSING WITH PREJUDICE** |

Plaintiff appeals the ALJ's decision finding her not disabled.[1] Plaintiff contends the ALJ misevaluated the medical opinion evidence, lay witness testimony, and combined effect of her impairments on her functional limitations. Dkt. 10. For the reasons discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff applied for benefits in June 2021, alleging disability as of January 2021. Tr. 203-12. In January 2023, the ALJ conducted a hearing, Tr. 42-85, and issued a decision finding Plaintiff not disabled. Tr. 14-41. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision.

//

---

[1] The Parties consented to proceed before the undersigned Magistrate Judge. Dkt. 3.

ORDER AFFIRMING AND DISMISSING WITH PREJUDICE - 1

# DISCUSSION

The Court may reverse the ALJ's decision only if it is not supported by substantial evidence or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court may not reverse the ALJ's decision if an error is harmless. *Id.* at 1111. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up). When the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's conclusion. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

**A. Medical Opinion Evidence**

The applicable regulations require the ALJ to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 404.1520c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

  *1. Renee Eisenhauer, Ph.D, Vincent Gollogly, Ph.D, and Ngozi Chime, ARNP.*

In October 2021, ARNP Chime evaluated Plaintiff and opined Plaintiff could understand and execute both simple and complex instructions; maintain focus and persist in work activities without interruption; interact with colleagues, supervisors, and the public; and handle typical workplace stresses. Tr. 483-84. The ALJ found ARNP Chime's opinion unpersuasive. Tr. 32. Although the ARNP supported the opinion with a detailed discussion and benign mental status findings, the ALJ found the opinion inconsistent with later evidence supporting "more than minimal mental limitations during the period at issue." *Id.*

The ALJ also reviewed opinions from state agency consultants Dr. Eisenhauer, Tr. 93-94, and Dr. Gollogly. Tr. 103-04. The ALJ found the opinions of these sources were persuasive regarding limitations on performing work in two-hour segments but discounted their determinations that Plaintiff could perform complex tasks. Tr. 31. Instead, the ALJ found the longitudinal record was more consistent with limiting Plaintiff to performing simple and detailed tasks in two-hour increments. Tr. 32. Despite making this finding, the ALJ's residual functional capacity (RFC) determination limited Plaintiff to carrying out simple to complex tasks in two-hour intervals. Tr. 25.

Generally, an ALJ's error is harmless where it is "inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115. Plaintiff agrees the ALJ's RFC determination did not affect the ALJ's step five findings because the ALJ found Plaintiff can perform unskilled jobs. However, Plaintiff argues the ALJ's findings regarding the opinions of ARNP Chime and Drs. Eisenhauer and Gollogly makes the other mental health evaluations more persuasive. [2] Dkt. 10 at 5-6.

The fact the ALJ discounted the opinions of ARNP Chime and Drs. Eisenhauer and Gollogly does not show other opinions are persuasive. The Court concludes Plaintiff's argument thus fails establish harmful error, which is a conclusion the parties agreed upon in the briefing submitted. [3] *See Carmickle v. Comm'r, Soc. Sec. Admin*, 533 F.3d 1155, 1161 n.2 (9th Cir.

---

[2] Plaintiff asserts the ALJ found the opinions unsupported, but the record shows the ALJ found the consultants' opinions had "good support" in the record and that ARNP Chime's opinion was well supported by discussion and exam findings. Tr. 31-32. The ALJ's determination to limit these opinions was based upon the ALJ's assessment that newer evidence showed more restrictive limitations. *Id.*

[3] The Commissioner writes this was "at most harmful error," not harmless, but the Commissioner's intent to argue harmless error is clear from the context of the argument. Dkt. 12 at 3.

ORDER AFFIRMING AND DISMISSING WITH PREJUDICE - 3

2008); *Molina*, 674 F.3d at 1111. The Court will not "manufacture arguments where none is presented." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

      2.  Alysa Ruddell, Ph.D.

In April 2022, Dr. Ruddell evaluated Plaintiff and determined she had marked limitations overall and in multiple areas of mental functioning, with moderate limitations in most remaining areas. Tr. 725-26. The ALJ noted the opinion included a detailed account of Plaintiff's behavior and signs of depression but discounted the opinion as inconsistent with the record. The ALJ found that Plaintiff's largely benign mental status exams and unremarkable treatment notes were inconsistent with the severity of alleged limitations, Tr. 32, highlighting treatment notes reflecting normal memory (Tr. 482, 605, 618, 628, 647, 666), concentration (Tr. 605, 618, 628, 647, 666), and mood and affect. Tr. 605, 618, 628, 736, 738, 741, 745. An ALJ may reject a medical opinion that is contradicted by objective evidence in the medical record. *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020); *Woods*, 32 F.4th at 793 n.4 (even if an opinion is supported, an ALJ may find it unpersuasive because it is inconsistent).

Plaintiff argues the ALJ cherry-picked the record to support the ALJ's conclusion that she had no functional limitations. Dkt. 10 at 7-11. This argument, which mostly focuses on Plaintiff's reports to providers, instead of the mental status findings the ALJ relied on, misstates the ALJ's rationale. The ALJ explicitly set aside Dr. Ruddell's opinion "in favor of finding the claimant no more than moderately limited in any area of mental function." Tr. 32. The ALJ's RFC determination tracks this finding, Tr. 25, as does the ALJ's finding at step five that Plaintiff can perform sedentary unskilled jobs and is thus not disabled. Tr. 35.

Additionally, Plaintiff's argument fails to address the ALJ's evaluation of her mental status exam findings. She suggests the record could be interpreted in her favor. But as the record

here is open to more than one rational finding, the Court must affirm the ALJ, as the Court cannot say the ALJ's finding is unreasonable or unsupported. *Thomas*, 278 F.3d at 954; *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (standard is whether ALJ's rationale is clear enough to convince).

        3.    Susan Poznyansky, LICSW

In January 2023, LICSW Poznyansky provided a checkbox evaluation indicating Plaintiff had significant mental functional limitations. Tr. 907-09. The evaluation indicated Plaintiff would be off task over thirty percent of the time and would be absent from work for more than four days each month. Tr. 909. The ALJ discounted this opinion because it lacked reference to objective medical evidence or a supporting rationale. Tr. 32-33. The ALJ also noted the opinion had reduced weight because LICSW Poznyansky indicated she could not provide a current evaluation because she was not part of Plaintiff's treatment team. Tr. 909.

Plaintiff, citing *Garrison v. Colvin*, 759 F.3d 995, 1014, no. 17 (9th Cir. 2014), argues the ALJ cannot automatically reject a checkbox form that aligns with treatment notes. Dkt. 10 at 11-12. But as the Commissioner highlights, dkt. 12 at 5-6, the Ninth Circuit has consistently held that an ALJ may reject checkbox opinions that lack explanation or support. *See*, *e.g.*, *Kitchen v. Kijakazi*, 82 F.4th 732, 740-41 (9th Cir. 2023); *Woods*, 32 F.4th at 793; *Ford*, 950 F.3d at 1155. Although Plaintiff asserts the opinion was consistent with records disputed in connection with Dr. Ruddell, this argument does not undermine the ALJ's finding that Ms. Poznyansky did not provide a rationale for her opinion and should be discounted as unsupported. Plaintiff also argues the ALJ failed to consider Ms. Poznyansky's opinion in the context of the record, dkt. 10 at 12, but as previously discussed, the ALJ did not err in evaluating Dr. Ruddell's opinion, and

Plaintiff's request for an alternative interpretation of the record is insufficient to establish the ALJ harmfully erred. *See Thomas*, 278 F.3d at 954; *Smartt*, 53 F.4th at 499.

In sum, the ALJ identified specific evidence inconsistent with the opinion and found it unsupported. Tr. 33 (citing Tr. 605, 618, 628, 647, 666, 736, 738, 741, 745). The Court thus finds the ALJ's evaluation reasonable and supported by substantial evidence and affirms the ALJ's decision to discount LICSW Poznyansky's opinion.

### B. Combination of Impairments

Plaintiff argues the ALJ erred by not considering her fibromyalgia and abdominal impairments in assessing her ability to sustain work, dkt. 10 at 12-13, but the record paints a different picture. As the Commissioner contends, dkt. 12 at 6-7, the ALJ considered these impairments and found them stable and controlled during the relevant period. Tr. 27. Thus, the ALJ did not fail to consider how these impairments limited her ability to sustain work.

Plaintiff also contends the ALJ erred by failing to discuss her headaches or migraines, despite multiple references to these conditions in the record. Dkt. 10 at 12-13. The Commissioner argues the ALJ was not required to consider her headaches or migraines, because Plaintiff did not allege these conditions limited her ability to work. Dkt. 12 at 6-7. The Court agrees.

In this case, the record shows Plaintiff did not allege headaches and migraines limited her ability to work. Tr. 238. Although she mentioned migraines in her health summary, she did not provide any information regarding frequency, symptoms, or limitations. Tr. 284. Despite reporting twice-monthly headaches during a consultative examination, Tr. 472, and once reporting morning headaches, Tr. 851, the longitudinal record indicates migraines and headaches are part of her list of problems. An ALJ has a duty to develop the record and ensure the

claimant's interests are considered, but the claimant still bears the burden to produce evidence in support of her claim. *Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 930 (9th Cir. 2014). Moreover, the ALJ's duty to develop the record is only triggered when there is ambiguous evidence or when the record is inadequate for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2010) (as amended May 19, 2011). Here there is nothing ambiguous about the record.

Furthermore, as the Commissioner points out, dkt. 12 at 7, Plaintiff did not seek any treatment for these conditions during the relevant period. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ may reject a claimant's testimony for "lack of consistent treatment."). Plaintiff's reference to examples in the record simply asks the Court to reweigh the evidence in her favor. *See Thomas*, 278 F.3d at 954. However, Plaintiff neither articulates an inadequacy in the record that would undermine the ALJ's decision, nor explains what ambiguous evidence would trigger the ALJ's duty to conduct additional inquiries. Thus, the Court affirms the ALJ's decision.

**C. Lay Witness Evidence**

Plaintiff's friend, S.W., submitted a July 2021 third party function report on Plaintiff's behalf that detailed frequent visits to Plaintiff's house to help, occurring three to four times a week. Tr. 246-53. S.W. observed Plaintiff's mental health had declined and noted Plaintiff experienced sleep attacks and faced difficulties in carrying out basic tasks, including personal care and household chores. *Id.*

The ALJ stated pursuant to 20 C.F.R. 404.1520c(d), she was not required to articulate how she considered evidence from nonmedical sources like S.W. Tr. 33. Nevertheless, the ALJ indicated she had considered S.W.'s statement "in combination with all other evidence of

record." *Id.* While the ALJ did not specifically explain how she evaluated S.W.'s testimony, the ALJ concluded "the objective medical findings do not support" the severity of limitations opined by the lay witness. *Id.*

Under the applicable regulations, the ALJ is "not required to articulate" how they evaluate evidence from nonmedical sources using the same factors applicable to medical opinion evidence. 20 C.F.R. § 404.1520c(d). The Ninth Circuit has not yet clarified whether an ALJ is still required to provide "germane reasons" for discounting lay witness testimony. *See*, *e.g.*, *Muntz v. Kijakazi*, 2022 WL 17484332, at *2 (9th Cir. Dec. 7, 2022); *Weitman v. Kijakazi*, 2022 WL 17175060, at *4 n.4 (9th Cir. Nov. 23, 2022); *but see Fryer v. Kijakazi*, 2022 WL 17958630, at *3 (9th Cir. Dec. 27, 2022); *Kennedy v. O'Malley*, 2024 WL 242992, at *2 (9th Cir. 2024).

Despite this, other relevant regulations indicate that ALJ's must consider evidence from nonmedical sources when evaluating a claim of disability, which includes observations made by a claimant's family, neighbors, friends, or other persons. *See*, *e.g.*, 20 C.F.R. §§ 404.1529(c)(1), 404.1545(a)(1), 404.1545(a)(3). The notion an ALJ can disregard relevant lay evidence without reason is inconsistent with the Commissioner's obligation to consider such evidence. The ALJ must provide some rationale to allow the Court to evaluate whether the decision is free of legal error and supported by substantial evidence. *See*, *e.g.*, *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001); *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).

Here, S.W.'s third party testimony is relevant evidence the ALJ considered and rejected on the grounds the medical record does not support a disability finding. The Court has already found the ALJ did not err in evaluating several medical opinions based upon this rationale. *See Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012). The ALJ accordingly did not err in rejecting S.W.'s testimony for the same reasons.

ORDER AFFIRMING AND DISMISSING WITH PREJUDICE - 8

**CONCLUSION**

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 4th day of June 2024.

                                           BRIAN A. TSUCHIDA
                                           United States Magistrate Judge

e